IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| IRENE LOCKE, | ) | |
| | ) | |
| | ) | 2:18-CV-01260-MJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFFERSON HILLS MANOR, | ) | |
| | ) | |
| Defendant, | | |

OPINION AND ORDER

Plaintiff, Irene Locke, brings the within claims for damages under Title VII for retaliation

(Count I) and Section 1981(Count II) against her former employer, Defendant, Jefferson Hills

Manor ("Jefferson"), stemming from her discharge. Jefferson has moved for partial summary

judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of Count I only, primarily on the basis

that Locke did not engage in a "protected activity"; and therefore, she cannot support a

retaliation claim. (ECF No. 44). In support of its motion, Jefferson submitted affidavits of its

facility administrator, Maximillian Bondi, and its director of nursing, King Matulula. (ECF Nos.

46 and 47).

Locke now moves to strike the Bondi and Matulula affidavits. (ECF No. 51). Upon

consideration of Locke's Motion to Strike and Brief in Support (ECF Nos. 51 and 53),

Jefferson's Response in Opposition (ECF No. 54), and for the following reasons, the Motion to

Strike will be granted in part and denied in part.

I.      Background

Ms. Locke, an African American, worked at Jefferson as a Certified Nursing Assistant

from February 9, 2016 through March 1, 2018. (ECF No. 43 at ¶¶ 1-2). Jefferson is a skilled

rehabilitation and long-term care facility. *Id*. at ¶ 3.  Maximilian Bondi served as Jefferson's

Administrator, and King Matulula served as its Director of Nursing. *Id.* at ¶¶ 4-5. In response to

Ms. Locke's assertions that she placed both Bondi and Matulula on notice that she would be

filing charges of discrimination, both submitted notarized affidavits. In those affidavits, both

Bondi and Mutulula state that Ms. Locke never raised concerns of racial discrimination in the

workplace prior to her termination. (ECF No. 46 at p. 4 and ECF No. 47 at pp. 3-4). The

affidavits also contain affirmations from Bondi and Matulula regarding incidents and complaints

about Locke from residents and employees.  Plaintiff seeks to strike paragraphs concerning such

affirmations from each affidavit.  Plaintiff moves to strike Paragraphs 6, 7, 8, 9, 12, 14 and 15

from Bondi's Affidavit, and Plaintiff moves to strike Paragraphs 5, 6, 8, 9, 10, and 11 from

Matulula's Affidavit.

II.     Standard of Review

"An affidavit or declaration used to support or oppose a motion must be made on

personal knowledge, set out facts that would be admissible in evidence, and show that the affiant

or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). An affidavit

which does not comply with the requirements of Rule 56 is subject to a motion to strike. *W. Min.*

*Corp. v. Standard Terminals, Inc.*, 577 F. Supp. 847, 848 (W.D. Pa.), aff'd, 745 F.2d 49 (3d Cir.

1984).

III.    Discussion

Relying on 28 U.S.C. § 1746, Ms. Locke contends that the affidavits of Bondi and

Matulula are insufficient in supporting a motion for summary judgment because they do not state

that the affiants declare, certify, verify, or state under the penalty of perjury, that the statements

are true and correct. Jefferson argues that Locke's reliance on 28 U.S.C. § 1746 is misplaced and

that these affidavits may properly support a motion for summary judgment. Regarding affidavits

submitted in support of motions for summary judgment, the Third Circuit has noted that the

Federal Rules of Civil Procedure has eased the requirements of formal sworn affidavits as

follows:

> A 2010 amendment to the Advisory Committee Notes on Federal Rule 56(c)(4),
> which governs evidence submitted on summary judgment, states "that while 'a
> formal affidavit is no longer required' on summary judgment, a certification
> submitted as a substitute for an affidavit must be subscribed in proper form as
> true under penalty of perjury." This amendment incorporates a statutory
> exception to the general rule that affidavits must be sworn to be considered on
> summary judgment. The statute, 28 U.S.C. § 1746, provides that when a matter
> is required to be supported by a sworn affidavit, the matter can instead be
> supported by an unsworn "declaration, certificate, verification, or statement," as
> long as the statement is made under penalty of perjury and dated. Thus, while
> an unsworn statement may be considered on summary judgment, an unsworn
> statement that has not been made under penalty of perjury cannot.

*United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 315 (3d Cir. 2019). Notably, 28

U.S.C. § 1746 only applies to unsworn affidavits and would not apply here. Both the Bondi and

Matulula affidavits are notarized with the phrase "subscribed and sworn to (or affirmed before

me)." Both affidavits are *sworn* declarations and in a form that may be submitted in support of a

motion for summary judgment. Therefore, Ms. Locke's arguments regarding 28 U.S.C. § 1746,

which refers to unsworn declarations, are without merit.

Accordingly, Ms. Locke's Motion to Strike, on the basis that the Bondi and Matulula

affidavits are deficient pursuant to 28 U.S.C. § 1746, is denied.

Ms. Locke next argues that portions of Bondi and Matulula's affidavits should be stricken

because they offer opinions and/or statements not based upon personal knowledge. Jefferson

contends that none of the statements within the affidavits offer opinions, that the statements are based upon personal knowledge, and that any reference to third-party statements are immaterial to Jefferson's Motion for Partial Summary Judgment. In supporting a motion for summary judgment, "the affiant must ordinarily set forth facts, rather than opinions or conclusions." *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985). "An affidavit that is 'essentially conclusory and lacking in specific facts' is inadequate to satisfy the movant's burden." *Id.* (citations omitted).

In her motion, Locke argues that portions of both Bondi and Matulula's affidavits should be stricken because they contain inadmissible hearsay statements.  Locke has moved to strike Paragraphs 6, 7, 8, 9, 12, 14 and 15 from Bondi's Affidavit and Paragraphs 5, 6, 8, 9, 10, and 11 from Matulula's Affidavit. In its response to Locke's Motion to Strike, Jefferson has conceded that said paragraphs are not relevant to the issues presented within its Motion for Partial Summary Judgment.  This Court concurs that said paragraphs are not relevant; thus, there is no need, at this time, to rule on any hearsay issue.  Because the objected paragraphs are not presently relevant, Locke's Motion to Strike Paragraphs 6, 7, 8, 9, 12, 14 and 15 from Bondi's Affidavit and Paragraphs 5, 6, 8, 9, 10, and 11 from Matulula's Affidavit is granted.  Said paragraphs are stricken, as not relevant to decision of the Motion for Partial Summary Judgment.

As regards the remaining paragraphs within each Affidavit, nothing can be characterized as opinion or conclusory.   In addition, the determinative issue, as argued by Jefferson in its Motion for Partial Summary Judgment, is whether Ms. Locke has established that she engaged in a "protected activity" prior to her termination.   The pertinent statements in Matulula's and Bondi's Affidavits are their affirmations that, prior to her termination, Ms. Locke never reported or complained to them that she was allegedly experiencing racial discrimination. (ECF No. 43-2

¶¶ 19-24 and ECF 43-3 ¶¶ 14-18). Said statements are based upon Matulula and Bondi's personal knowledge.  Ms. Locke has alleged that the "protected activity," where she complained of discrimination, was directed to Mr. Bondi and to Mr. Matulula.  Thus, each Affidavit's remaining content, after the above Paragraphs 6, 7, 8, 9, 12, 14 and 15 from Bondi's Affidavit and Paragraphs 5, 6, 8, 9, 10, and 11 from Matulula's Affidavit have been stricken, contains factual statements within the direct knowledge of each affiant. Such statements are relevant and properly considered in determining Jefferson's Motion for Partial Summary Judgment. Therefore, in relation to said remaining paragraphs, Locke's Motion to Strike is denied.

ORDER

And Now this ___19th___ of May 2020, upon consideration of Locke's Motion to Strike and Brief in Support (ECF Nos. 51 and 53), Jefferson's Response in Opposition (ECF No. 54), and for the foregoing reasons, the Motion to Strike is granted as regards Paragraphs 6, 7, 8, 9, 12, 14 and 15 from Bondi's Affidavit and Paragraphs 5, 6, 8, 9, 10, and 11 from Matulula's Affidavit. Said Paragraphs are stricken. The Motion to Strike in all other respects is denied.

_____

Marilyn J. Horan
United States District Judge