IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| IRENE LOCKE,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSON HILLS MANOR,<br><br>Defendant, | 2:18-CV-01260-MJH |

OPINION AND ORDER

Plaintiff, Irene Locke, brings claims for damages under Title VII for retaliation (Count I) and Section 1981 (Count II) against her former employer, Defendant, Jefferson Hills Manor (Jefferson), stemming from her discharge. This Court dismissed Ms. Locke's retaliation claim after granting Jefferson's motion for partial summary judgment. (ECF Nos. 58 and 59).

Jefferson now moves to exclude Ms. Locke's testimony relating to retaliation and/or protected activity. (ECF No. 70). Upon consideration of Jefferson's Motion in Limine and Brief in Support, (ECF Nos. 70 and 71), Ms. Locke's Response in Opposition (ECF No. 76), and for the following reasons, Jefferson's Motion in Limine to exclude testimony of Ms. Locke relating to retaliation and/or protected activity will be granted.

I.  Background

Ms. Locke, an African American, worked at Jefferson as a Certified Nursing Assistant from February 9, 2016 through March 1, 2018. (ECF No. 43 at ¶¶ 1-2). By Opinion and Order dated May 19, 2020, this Court granted Jefferson's Motion for Partial Summary Judgment and dismissed Ms. Locke's retaliation claim (Count I). (ECF Nos. 58 and 59). Ms. Locke will only

proceed to trial on her Section 1981 claim (Count II), which alleges that Jefferson unlawfully terminated her because of her race. In her Pretrial Memorandum, Ms. Locke asserts that "[p]laintiff was terminated for engaging in the protected activity of making a complaint of racial discrimination." (ECF No. 61 at p. 3). Jefferson seeks to preclude Ms. Locke from offering testimony at trial about alleged retaliation and/or alleged protected activity in support of her Section 1981 claim.

II. Discussion

Jefferson contends that Ms. Locke should be precluded from offering testimony at trial related to alleged retaliation and/or protected activity because this Court dismissed Plaintiff's retaliation claim (Count I). Also, Jefferson argues that Ms. Locke should be precluded from testifying that she ever used the term "race", "racial" and/or "Caucasian" in making a complaint of discrimination. Ms. Locke contends that the Court should permit her to testify regarding these activities and/or complaints of discrimination. In its May 19, 2020 Opinion and Order, this Court found, as a matter of law, that Ms. Locke's termination was not based upon an unlawful retaliation based upon two categories of allegedly protected activities, (1) a November 27, 2017 charge to the Pennsylvania Human Relations Commission (PHRC); and (2) internal complaints of discrimination. (ECF No. 58). This Court's decision was, in part, because Ms. Locke had produced no evidence that she had placed Jefferson on notice of any PHRC or EEOC charge or that any of Ms. Locke internal complaints communicated that such were based upon race. *Id*.

First, as to the remaining racial discrimination claim in Ms. Locke's case, Section 1981 prohibits racial discrimination in making and enforcing contracts. *See* 42 U.S.C. § 1981. Section 1981 claims employ the three-step burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, an employee must establish a prima

facie case of discrimination, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision. *See Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 n. 11 (3d Cir. 2004). If the employer articulates such a reason, the employee must then proffer evidence to allow a reasonable factfinder to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual. *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). A claimant must first establish a prima facie case of racial discrimination by demonstrating, by a preponderance of the evidence, that (1) she is a member of a protected class, (2) she was qualified for the position she held or sought, (3) she suffered an adverse employment action, and (4) similarly situated persons who are not members of the protected class were treated more favorably, or that the circumstances of her termination give rise to an inference of discrimination. *See Taylor v. Brandywine Sch. Dist.*, 202 F. App'x 570, 575 (3d Cir. 2006) (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999)).

  In meeting her burden on her Section 1981 claim, Ms. Locke must produce relevant and admissible testimony and evidence that establishes the elements of her claim. "Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Under Federal Rule of Evidence 403, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Evidence that a party committed wrongs other than those at issue in a case often creates a danger of "unfair prejudice" because

such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs. *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990).

  Here, the remaining issue in this case is whether Jefferson terminated Ms. Locke based upon her race under the *McDonnell Douglas* framework for Section 1981 claims.  As to this issue, testimony from Ms. Locke about filing a PHRC claim or of her making complaints about racial discrimination merely conveys that she believed she was being discriminated against. However, such evidence bears no probative value to establish any facts to support the occurrence of racial discrimination relevant to the elements of her Section 1981 claim.  Thus, any testimony regarding any alleged protected activity and/or retaliation would not "make the existence of any fact that is of consequence to the determination" of the Section 1981 claim "more or less probable than it would be without" such testimony.  *See* Fed. R. Evid. 401. Therefore, any testimony relating to alleged retaliation and/or protected activity is not relevant.  Without relevance, testimony regarding retaliation and/or protected activities is inadmissible at trial. Further, any probative value to testimony related to retaliation and/protected activity is outweighed by unfair prejudice because of the danger that the jury would confuse the issues between Jefferson's alleged racial discrimination and  Ms. Locke's dismissed claim alleging retaliation.

  Accordingly, Jefferson's Motion in Limine to exclude testimony of Plaintiff relating to retaliation and/or protected activity will be granted.  Ms. Locke will be precluded from offering any testimony at trial about retaliation and/or alleged protected activity, including any reference to a filed PHRC charge, any complaint of  racial discrimination associated with her stated intention to file a PHRC charge, and any testimony that she ever used the terms "race", "racial" or "Caucasian" in making any internal complaint of discrimination prior to her termination.

ORDER

And Now this 8th of September 2020, after consideration of Jefferson's Motion in Limine and Brief in Support, (ECF Nos. 70 and 71), Ms. Locke's Response in Opposition (ECF No. 76), and for the foregoing reasons, Jefferson's Motion in Limine to exclude testimony of Plaintiff relating to retaliation and/or protected activity is granted. Ms. Locke is precluded from offering any testimony at trial about retaliation and/or alleged protected activity, including any reference to a filed PHRC charge, any complaint of "racial discrimination" associated with her stated intention to file a PHRC charge, and any testimony that she ever used the terms "race", "racial" or "Caucasian" in making any internal complaint of discrimination prior to her termination.

                                                        Marilyn J. Horan
                                                        United States District Judge