IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| IRENE LOCKE, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JEFFERSON HILLS MANOR, )<br>) | 2:18-CV-01260-MJH |

Defendant,

OPINION AND ORDER

Plaintiff, Irene Locke, brings the within claims for damages under Title VII for retaliation (Count I) and Section 1981(Count II) against her former employer, Defendant, Jefferson Hills Manor ("Jefferson"), stemming from her discharge. This Court dismissed Ms. Locke's retaliation claim after granting Jefferson's motion for partial summary judgment. (ECF Nos. 58 and 59).

Jefferson has moved to exclude evidence not disclosed during discovery and any related testimony. (ECF No. 72). Upon consideration of Jefferson's Motion in Limine and Brief in Support, (ECF Nos. 72 and 73), Ms. Locke's Response in Opposition (ECF No. 75), and for the following reasons, Jefferson's Motion in Limine to exclude evidence not disclosed during discovery and related testimony will be granted. Ms. Locke will be precluded from offering any testimony or screenshot exhibit at trial regarding an email she claims to have sent to Jefferson's corporate office prior to her termination complaining about discrimination and/or "letting them know everything that was going on".

I.      Background

Ms. Locke, an African American, worked at Jefferson as a Certified Nursing Assistant from February 9, 2016 through March 1, 2018. (ECF No. 43 at ¶¶ 1-2).  By Opinion and Order dated May 19, 2020, this Court granted Jefferson's Motion for Partial Summary Judgment and dismissed Ms. Locke's retaliation claim (Count I). (ECF Nos. 58 and 59).  Ms. Locke is proceeding to trial on her Section 1981 claim (Count II), which alleges that Jefferson unlawfully terminated her because of her race.  To support her retaliation claim, at her deposition, Ms. Locke testified that she emailed corporate to "[let] them know everything was going on." (ECF No. 73-1 at p. 27).  She testified that her email contained an explanation about her interactions with Caucasian female coworkers from the 7:00 to 3:00 shift and how they felt she was harassing them because Ms. Locke would complain about their work performance to supervisors, and vice versa. *Id*. at pp. 30-32.  Ms. Locke's testimony about the email's content does not include any reference to racial discrimination.  Her only mention of race was in her factual description of her co-workers as Caucasians.

During the deposition, Ms. Locke testified to sending the alleged email and that she had a copy of the alleged email. *Id*. at p. 28. During this exchange, Jefferson's counsel specifically requested production of the email and/or any proof that the alleged email was, in fact, sent to the corporate office. *Id*.  Ms. Locke did not produce the requested email, or any other proof that it was sent, either during discovery or in her opposition to Jefferson's Motion for Partial Summary Judgment (ECF No. 49).  Ms. Locke's first production of the screenshot, purporting to evidence Ms. Locke's transmission of an email to corporate, was in response to the instant Motion in Limine. (ECF No. 75).  Ms. Locke, through counsel, explains that Ms. Locke utilized a webform on Jefferson's corporate website to send the email and that the website does not allow the

contents of the message to be accessed by the sender once it is sent.  (ECF No. 75-1 at p. 2).  Ms. Locke's Pretrial Memorandum does not list or attach the screenshot as an exhibit.  (ECF No. 61).  Also, the witness list in her Pretrial Memorandum does not list any records custodian or information technology (IT) professional to testify about plaintiff's counsel's representations regarding the corporate website or its process.   The screenshot provided by Ms. Locke includes the address of Jefferson's corporate office and a timestamp of "Mon, Feb 19, 2019 * 5:24 PM."  (ECF No. 75-3 at p. 2).  While the screenshot includes other generic website text, Ms. Locke provides no explanation for any case-related significance of the same.  *Id*.

      II.      Discussion

In its Motion in Limine, Jefferson seeks to preclude Ms. Locke from introducing testimony related to an alleged email she sent to Defendant's corporate office referencing discrimination and/or "letting them know everything that was going on." Jefferson contends that Ms. Locke produced neither the alleged email nor any proof that it was ever sent to Jefferson's corporate office.  Ms. Locke argues that she did not produce the email because the email was not in her possession.  During her January 7, 2020 deposition, Ms. Locke contends that the she sent the email through Jefferson's website using a webform and that the website does not allow the contents of the message to be accessed by the sender once it is sent.  Therefore, Ms. Locke asserts that she is only in possession of screenshots indicating that her message was sent.  (ECF No.  75-3).  Ms. Locke's screenshot was not produced during discovery, even after Jefferson's counsel's inquiry during her deposition.   Ms. Locke argues that she requested all emails in Jefferson's custody and control, but Jefferson did not produce it.  (ECF No. 75-4).  Ms. Locke's April 7, 2020, opposition to Jefferson's Motion for Partial Summary Judgment, where protected activities, such as the alleged email, were at issue, did not disclose or produce the email or the

screenshot.  (ECF No. 49).   Ms. Locke's June 5, 2020 Pre-Trial Memorandum did not list the email or screenshot as an exhibit.  Said Pre-Trial Memorandum did not list any witness to authenticate the documents or to explain the website process as argued by counsel. (ECF No. 61).  Ms. Locke first produced the screenshot in her September 1, 2020 response to Jefferson's Motion in Limine.  (ECF No. 75).   The screenshot's only decipherable and possibly relevant information is Jefferson's corporate address and a date and timestamp.  Jefferson's motion and Ms. Locke's response raises three inquiries for the Court to address:  disclosure, authentication, and relevance.

      A.  Disclosure

Under Federal Rule of Civil Procedure 37, preclusion of certain evidence is warranted when a party fails to disclose information during discovery. Rule 37(c)(1) makes clear:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed.R.Civ.P. 37 (c)(1). Moreover, "the non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless." *Tolerico v. Home Depot*, 205 F.R.D. 169 (M.D.Pa. 2002). In deciding whether to preclude evidence or witnesses for failure to comply with discovery duties, courts consider the following factors:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pennsylvania State University*, 227 F.3d 133, 148 (3rd Cir. 2000).  In in addition to Rule 37, the Local Rules of Court for the Western District of Pennsylvania provide

> Failure to fully disclose in the pretrial statements (or, as permitted by the Court, at or before the final pretrial conference) the substance of the evidence proposed to be offered at trial, may result in the exclusion of that evidence at trial, at a hearing or on a motion unless the parties otherwise agree or the Court orders otherwise.

LCvR 16.1(C)(7).

Here, Ms. Locke first disclosed the subject screenshot in response to Jefferson's Motion in Limine nearly eight months following her deposition where she first mentioned it. At the time, she was requested to produce it, but she did not produce the same in discovery, or in her response to Jefferson's Motion for Partial Summary Judgment, or in her Pre-Trial memorandum. Local rules require parties to timely disclose exhibits and witnesses that they will utilize at trial. Ms. Locke has provided no justification for her delay in producing the same. Instead, she claims that Jefferson should have been in custody of the email because the sender of the email has no way to preserve its content. However, Ms. Locke bears the burden to prove that she sent an email to Jefferson. Ms. Locke has not timely produced sufficient evidence to meet this burden. Her screenshot does little to support her burden because its contents are vague, and the subject matter about which the email was sent is not disclosed therein. Further, to even authenticate the document, she would need to call a records custodian or IT professional. She and her counsel have not disclosed any such witness or evidence. At this late pre-trial stage, the prejudice to Jefferson, should such an exhibit or authenticating witness be offered, would be significant.

Accordingly, given the untimely disclosure of Ms. Locke's screenshot and related information and the prejudice to the defense, Ms. Locke may not introduce the screenshot exhibit or any testimony about said screenshot or web submission process.

B. Authentication

Notwithstanding the lack of timeliness of disclosure and the prejudice to Jefferson, Rule

901(a) of the Federal Rules of Evidence requires that all evidence be authenticated or identified prior to admission. The proponent of the evidence must offer "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Rule 901(b), in turn, sets forth a non-exhaustive list of appropriate methods of authentication, including "[t]estimony that an item is what it is claimed to be," Fed. R. Evid. 901(b)(1). In addition, Rule 901(b)(9) requires authentication for "[e]vidence describing a process or system and showing that it produces an accurate result." Fed. R. Evid. 901(b)(9).

Here, Ms. Locke has produced a screenshot that she asserts provides proof that she emailed her complaints to Jefferson's corporate headquarters. She claims that the webform for sending email through Jefferson's website only provides what is contained in the screenshot after the sender clicks submit. A review of the screenshot reveals little about what she claimed it to be. There is no content. Although, the screenshot bears Jefferson's corporate address and a date and timestamp, Ms. Locke has not developed any record to lay any foundation for authentication for the Court to determine admissibility. To achieve a foundation and authentication, Ms. Locke would need a witness to describe the website webform process and system. However, in her Pre-Trial Memorandum, Ms. Locke did not identify any witness to provide such evidence. Therefore, Ms. Locke cannot lay a foundation to properly authenticate that her screenshot is "what it claims to be."

Accordingly, the lack of a foundation to authenticate Ms. Locke's screenshot supports that this Court should not permit Ms. Locke to introduce either the screenshot exhibit or any testimony at trial about the screenshot or the web submission process.

C. Relevance

Finally, before admitting testimony and evidence, this Court is obligated to assess

whether it is relevant and not prejudicial. Ms. Locke's alleged email to Jefferson's corporate office prior to her termination, complaining about discrimination and/or "letting them know everything that was going on", is relevant to a claim concerning a protected activity and retaliation. The Court addresses a similar issue in its September 8, 2020 Opinion and Order granting Jefferson's Motion in Limine to exclude testimony of Plaintiff relating to retaliation and/or protected activity. (ECF No. 77). The same analysis applies here.

In both of its Motions in Limine (ECF Nos. 70 and 72), Jefferson contends that Ms. Locke should be precluded from offering testimony at trial related to alleged retaliation and/or protected activity, because Plaintiff's retaliation claim (Count I) was dismissed on summary judgment. Further, Jefferson argues that Ms. Locke should be precluded from testifying that she ever used the term "race", "racial" and/or "Caucasian" in making a complaint of discrimination. Ms. Locke contends that she should be allowed to testify regarding these activities and/or complaints of discrimination in her remaining Section 1981 claim of racial discrimination.

Section 1981 prohibits racial discrimination in making and enforcing contracts. *See* 42 U.S.C. § 1981. Section 1981 claims employ the three-step burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, an employee must establish a prima facie case of discrimination, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision. *See Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 n. 11 (3d Cir. 2004). If the employer articulates such a reason, the employee must then proffer evidence to allow a reasonable factfinder to find by a preponderance of the evidence that the employer's proffered reasons are false or pretextual. *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). A claimant must first establish a prima facie case of racial discrimination by

demonstrating, by a preponderance of the evidence, that (1) she is a member of a protected class, (2) she was qualified for the position she held or sought, (3) she suffered an adverse employment action, and (4) similarly situated persons who are not members of the protected class were treated more favorably, or that the circumstances of her termination give rise to an inference of discrimination. *See Taylor v. Brandywine Sch. Dist.*, 202 F. App'x 570, 575 (3d Cir. 2006) (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999)).

In meeting her burden on her Section 1981 claim, Ms. Locke must produce relevant and admissible testimony and evidence that establishes the elements of her claim. "Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Under Federal Rule of Evidence 403, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Evidence that a party committed wrongs other than those at issue in a case often creates a danger of "unfair prejudice" because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs. *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990).

Here, the remaining Section 1981 issue in this case is whether Jefferson terminated Ms. Locke based upon her race under the *McDonnell Douglas* framework. As to this issue, testimony from Ms. Locke about filing a PHRC claim or of her making complaints about racial discrimination merely conveys that she believed she was being discriminated against. However, such evidence bears no probative value to establish any facts to support the occurrence of racial

discrimination relevant to the elements of her Section 1981 claim. Thus, any testimony regarding any alleged protected activity or retaliation, including testimony and evidence regarding her alleged email or a screenshot from a webform, would not "make the existence of any fact that is of consequence to the determination" of the Section 1981 claim "more or less probable that it would be without" such testimony. *See* Fed. R. Evid. 401. Therefore, any testimony relating to the alleged email complaining of discrimination is not relevant. Without relevance, testimony regarding retaliation and/or protected activities, which would cover testimony related to the alleged email, is inadmissible at trial. Further, any probative value to testimony related to retaliation and/protected activity is outweighed by unfair prejudice because of the danger that the jury would confuse the issues between Jefferson's alleged racial discrimination and Ms. Locke's dismissed claim alleging retaliation.

Accordingly, the absence of relevance and the prejudice of any evidence related to the alleged email complaint supports that Ms. Locke may not introduce any testimony or screenshot exhibit at trial regarding an email she claims to have sent to Jefferson's corporate office prior to her termination complaining about discrimination and/or "letting them know everything that was going on."

Therefore, based upon any of the three reasons discussed above, Jefferson's Motion in Limine will be granted.

## ORDER

And Now this 8th of September 2020, after consideration of Jefferson's Motion in Limine and Brief in Support, (ECF Nos. 72 and 73), Ms. Locke's Response in Opposition (ECF No. 72), and for the following reasons, Jefferson's Motion in Limine to exclude evidence not disclosed during discovery and related testimony is granted. Ms. Locke is precluded from

offering any testimony or screenshot exhibit at trial regarding an email she claims to have sent to Jefferson's corporate office prior to her termination complaining about discrimination and/or "letting them know everything that was going on".

                                                                                           _____

                                                                             Marilyn J. Horan
                                                                       United States District Judge